UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINCIE RANKIN, individually and on
behalf of others similarly situated;

    Plaintiff,

vs.                                                                              Case No. 02-CV-71045

DAVID P. ROTS, et al.,                                            HON. AVERN COHN

    Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S PETITION FOR ATTORNEY FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND FOR AN AWARD FOR THE NAMED PLAINTIFF**

I.

This is a case under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. claiming breach of fiduciary duty which has as its genesis the collapse of Kmart Corporation into bankruptcy. On March 18, 2002, plaintiff Quince Rankin filed a complaint seeking recovery on behalf of herself and other similarly situated Kmart employees who invested in Kmart stock through participation in Kmart's 401(K) plan under which Kmart matched voluntary participant contributions with investments in Kmart stock. Plaintiff named as defendants various officers and directors of Kmart which she claimed to be fiduciaries within the meaning of ERISA and have breached their fiduciary duties with respect to the administration of the 401(K) plan essentially by continuing to invest in Kmart stock at a time when Kmart was in serious

decline and which resulted in significant losses to the Plan. The case was certified as a class action and eventually settled.

Before the Court is plaintiff's Petition for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and for an Award for the Named Plaintiff. Specifically, Plaintiff's counsel have requested that the Court award attorneys fees on a common fund basis in the amount of 10 percent of the Settlement Fund, or $1,175,000.00. Plaintiff's counsel also seek reimbursement of $141,288.26 in litigation expenses which they reasonably and necessarily incurred,[1] and an incentive payment of $10,000.00 to Quincie Rankin, the Class Representative. For the reasons that follow, the petition is GRANTED.

II.

A.

Fed. R. Civ. P. 23(h) provides that the court "may award reasonable attorney fees and nontaxable costs authorized by law or by agreement of the parties." If the court holds a hearing on a motion for attorney fees, it must state it findings and conclusions of law on the motion as required by Rule 52.

In Ramey v. Cincinnati Enquirer, Inc., the Court of Appeals for the Sixth Circuit identified six factors for consideration in determining the reasonableness of a fee award:

    a.    The value of the benefit rendered to the class;
    b.    Society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;
    c.    Whether the services were undertaken on a contingent fee basis;
    d.    The value of the services on an hourly basis;

---

[1] These costs are separate from the expense of providing notice to the class and a professional claims administrator.

    e.    The complexity of the litigation; and,
    f.    The professional skill and standing of counsel on both sides.

508 F.2d 1188, 1196 (6th Cir. 1974); See also Smillie v. Park Chenl. Co., 710 F.2d 271, 275 (6th Cir. 1983).

The court must ensure that class counsel are fairly compensated for the amount of work done and the results achieved. Rawlings v. Prudential-Bache Props, Inc., 9 F.3d 513, 516 (6th Cir. 1993). The core inquiry is whether an award is reasonable under the circumstances. Id. at 517. Absent adequate compensation, counsel will not be willing to undertake the risk of common fund class action litigation. Counsel who create a common fund for the benefit of a class are entitled to a payment of fees and expenses from the fund relative to the benefit achieved. Smillie v. Park Chern. Co., 710 F.2d 271, 275 (6th Cir. 1983); Ramey v. Cincinnati Enquirer, Inc., 508 F.2d 1188 (6th Cir. 1974).

Here, plaintiff's counsel requests a percentage of the settlement fund. Where counsel's efforts create a substantial common fund for the benefit of the Class, they are entitled to payment from the fund based on a percentage of that fund. Brotherton v. Cleveland, 141 F. Supp. 2d 907, 909 (S.D. Ohio 2001); Basile v. Merrill Lynch, Pierce, Fenner, & Smith, Inc., 640 F. Supp. 697 (S.D. Ohio 1986) (citing Boeing v. Van Gemert, 444 U.S. 472, 478 (1980)). This "allows a Court to prevent . . . inequity by assessing attorneys' fees against the entire fund, thus spreading fees proportionately among those benefited by the suit." Boeing, 444 U.S. at 478.

B.

Plaintiff's counsel achieved a proposed settlement that provides for the immediate recovery of $11,750,000.00 in cash. There were two objections filed to the proposed settlement. There were no objections to the request for attorneys' fees and costs, nor to the request for payment to the Plaintiff Rankin. The Independent Fiduciary has not objected to the settlement or to the attorneys' fees amount requested.

As set forth in this Court's Order approving the settlement, the class will recover a portion of the damages they suffered without further delay or risk. The settlement is the result of arm's-length negotiations by experienced counsel. The settlement was presented to the Court for final approval only after plaintiff's counsel determined that the settlement was in the class's best interests. This action was undertaken and prosecuted on a wholly contingent basis.

The common fund fee award sought here is 10 percent of the total $11,750,000 recovery. The percentage of the fund is the preferred method in this ERISA case, as it most closely approximates how lawyers are paid in the private market and provides an incentive to lawyers to maximize the Class recovery, but in an efficient manner. The 10 percent share is well below the percentage of the recovery approved in similar cases. See In re Rio Hair Naturalizer Prods. Liab. Litig., No. MDL 1053, 1996 WL 780512 (E.D. Mich. Dec. 20, 1996) (common fund is "typically 20 to 50 percent of the Fund"); Kogan v. Aimco Fox Chase, LP, 193 F.R.D. 496, 503-504 (E.D. Mich. 2003) (awarding attorneys fees based on a share of the common fund, fees approximately 30 percent of the common fund); In re Telectronics, 137 F. Supp. 2d 1029, 1046 (S.D. Ohio 2001)

("the range of reasonableness has been designated as between twenty to fifty percent of the common fund"); <u>New England Employees Pension Fund v. Fruit of the Loom</u>, 2006 U.S. Dist. LEXIS 11241*23-25 (W.D. Ky., March 17, 2006) (25 percent awarded, amounting to a 1.43 multiplier).  <u>See also</u> Manual for Complex Litigation, Third § 24.121 (1995) (noting that most district courts select a percentage in the range from 24% to 30% of the fund).

A review of the <u>Ramey</u> factors also supports plaintiff's fee request as being fair and reasonable.  Plaintiff secured a substantial benefit for the class and there is a public interest in ensuring that attorneys willing to represent employees in ERISA litigation are adequately paid so that they and others like them will continue to take on such cases. Adequately compensatory fee awards in successful class actions promote private enforcement of and compliance with important areas of federal law.  <u>See</u>, <u>Bateman Eichler, Hill Richards, Inc. v. Berner</u>, 472 U.S. 299, 310 (1985).  Protecting retirement funds of workers is of genuine public interest and, thus, supports a fully compensatory fee award.

An ERISA case involves highly-specialized and complex areas of law.  The type of claims brought here, breaches of duty by the Plan's fiduciaries, are based on rapidly evolving legal theories.  There are significant conflicts between the approaches adopted by different trial courts and appellate courts and most law in this area was decided after this case was filed.  Plaintiff's counsel are nationally known leaders in the fields of ERISA, class action and complex litigation and their law firms have a notable record in national and class litigation.  *See* Declarations of Counsel and resumes.  These lawyers

vigorously defended their clients against worthy opponents.

Plaintiff's counsel have unreimbursed expenses of $141,288.26.  The expenses are summarized by category in the Connor Declaration and detailed in the respective time and billing records of Plaintiffs' Counsel.  They are reasonable and necessary expenses, including photocopying, postage, travel, lodging, filing fees and Pacer expenses, long distance telephone, telecopier, computer database research, depositions expenses, and expert fees and expenses.

The requested payment to the Class Representative, Quincie Rankin, for her efforts in this case in the amount of $10,000.00 is also reasonable.  Rankin located willing counsel, initiated lawsuits, and invested her own time, effort, and funds (in the form of unreimbursed expenses) for the benefit of the Class.  Rankin was deposed at length.  Her initiative, time, and effort were essential to the successful prosecution of the case and resulted in a significant recovery for the Class.

Plaintiff's counsel and Rankin are also entitled to interest on their awards and payments, on the same conditions and at the same rate as that which may be being earned by the Class, starting from the date of deposit of the funds in the Settlement Fund until payment.

III.

Accordingly, Plaintiff's counsel is awarded $1,175,000.00 in attorneys' fees and $141,288.26 in litigation expenses, plus any interest that may accrue prior to payment. Rankin is also granted a payment of $10,000.00.

SO ORDERED.


Dated:  June 27, 2006                     s/Avern Cohn
                                                AVERN COHN
                                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 27, 2006, by electronic and/or ordinary mail.

                                                s/Julie Owens
                                                Case Manager
                                                (313) 234-5160